IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HODNETT,

      Plaintiff,                          No. CIV S–07-0758 RRB GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action. When plaintiff originally filed this action he was incarcerated. On August 15, 2007, the court recommended that this action be dismissed for plaintiff's failure to keep the court apprised of his current address. On September 7, 2007, plaintiff filed objections. Good cause appearing, the findings and recommendations are vacated.

        Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court will now screen the amended complaint filed May 11, 2007.

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint contains five legal claims. Three of these claims allege that defendants violated plaintiff's Eighth Amendment rights by failing to treat his mental illness. The fourth ground for relief alleges that defendants violated plaintiff's right to due process by

failing to process his administrative appeals which prevented him from properly exhausting his administrative remedies. The fifth claims alleges a violation of the Americans with Disabilities Act (ADA). Named as defendants are Governor Schwarzenegger, Warden Poulos, Warden Felker, Dr. Mirza, Counselor Hurt, Counselor Gogo, Dr. Wilhovsky, Dr. Cummings, Dr. French, Dr. Dohl, Dr. Jenensky and Dr. Mason.

Plaintiff alleges that defendant Mirza did not adequately treat his mental illness. Amended Complaint, ¶¶ 12-13. These allegations state a colorable claim for relief.

Plaintiff alleges that in reviewing plaintiff's case factors for transfer into an EOP mainline program, defendant Dr. Wilhovsky failed to properly review plaintiff's mental health records. Amended Complaint, ¶ 14. As a result of this improper review, defendants Hurt and Gogo improperly endorsed plaintiff's transfer to the wrong prison. Id.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

(9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837, 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is

prescribed, may constitute deliberate indifference in a particular case.  Id.

The claim that defendant Wilhovsky failed to properly review plaintiff's records suggests that he acted negligently rather than with deliberate indifference.  Plaintiff has pled no facts suggesting that defendant Wilhovsky disregarded a risk of harm to plaintiff of which he was actually aware.  Accordingly, the claims against this defendant are dismissed with leave to amend.

Plaintiff alleges that defendants Gogo and Hurt relied on defendant Wilhovsky's review of plaintiff's records when they recommended that plaintiff be transferred to the wrong prison.  That defendants relied on defendant Wilhovsky's review also does not suggest that defendants Gogo and Hurt acted with deliberate indifference to plaintiff's medical needs.  Plaintiff has pled no facts suggesting that these defendants disregarded a risk of harm to plaintiff of which they were actually aware. Accordingly, the claims against these defendants are dismissed with leave to amend.

Plaintiff alleges that defendants Jenensky and Mason did not adequately treat his mental health problems following his transfer to High Desert State Prison.  Amended Complaint, ¶¶ 15-21, 27.  These allegations state a colorable claim for relief.

Plaintiff alleges that he attempted suicide by hanging himself.  After this incident, defendants Ramsey and French discussed cutting plaintiff's hair, but did not do so.  Amended Complaint, ¶ 24.  These allegations do not state a colorable Eighth Amendment claim for failure to treat plaintiff's mental health needs.  Accordingly, these claims are dismissed with leave to amend.

Plaintiff also alleges that defendants violated the ADA by failing to properly treat his mental illness.  Title II of the ADA applies to inmates in state prison.  Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  In order to state a claim of disability discrimination under Title II of the ADA plaintiff must allege four elements: 1) he is an individual with a disability; 2) he was otherwise qualified to participate in or receive the benefit of some public entity's services,

programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services...or was otherwise discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff is not alleging that he was denied access to a program or activity as a result of his mental illness. Rather, he is claiming that he was denied adequate medical care, which does not state an ADA claim. Because the amended complaint includes no allegations to support an ADA claim, this claim is dismissed with leave to amend

Plaintiff also alleges that he was unable to exhaust his administrative remedies in violation of his right to due process. An alleged interference with an inmate's ability to exhaust administrative remedies may state a claim for violation of the right to access the courts. However, plaintiff has not linked any named defendants to this alleged deprivation. Accordingly, this claim is dismissed with leave to amend.

The amended complaint contains no allegations against defendants Schwarzenegger, Poulos, Felker, Cummings or Dohl. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The claims against Schwarzenegger, Poulos, Felker, Cummings or Dohl are dismissed with leave to amend because plaintiff has failed to link these defendants to any alleged deprivations.

Plaintiff also seeks injunctive relief. Because plaintiff is no longer incarcerated, his claims for injunctive relief are moot. If plaintiff files a second amended complaint, he should not include his claim for injunctive relief.

Plaintiff is granted thirty days to file a second amended complaint. If plaintiff chooses to amend the complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. The amended complaint, but for the claims found colorable above against

7

defendants Mirza, Jenensky and Mason, are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

      3.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

      4.  The findings and recommendations filed August 15, 2007, are vacated.

DATED: 01/14/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

hod758.b1