# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HODNETT, | 2:07-cv-0758-LDG |
| Plaintiff, | |
| v. | **ORDER** |
| SCHWARZENEGGER, et al., | |
| Defendants. | |

Defendants Schwarzenegger and Poulos have filed a motion for judgment on the pleadings (#56), and defendant Felker has filed a motion to dismiss (#58). Plaintiff has failed to oppose either motion, and the court finds that they carry weight. In Schwarzenegger and Poulos' motion for judgment on the pleadings and Felder's motion to dismiss, the defendants argue that they cannot be held vicariously liable in this action because they were not personally involved in the constitutional violations alleged by plaintiff, and that they are entitled to qualified immunity in the treatment of Hodnett. There is no allegation or indication in the instant record that defendants acted in a supervisory capacity, or had direct involvement in Hodnett's treatment. Furthermore, pursuant to local rule 78-230(m), the failure to file an opposition to a motion shall be deemed a waiver of any opposition to the granting of the motion.[1] Accordingly,

---

[1] Under Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), a pro se non-movant must be advised that failure to file points and authorities to a motion shall constitute consent to the granting of the motion. To the extent that plaintiff was not on notice of this requirement, plaintiff must file within twenty (20) days from the date of the filing of this order a motion for reconsideration of the order accompanied by the oppositions to the motions which plaintiff previously failed to file.

1  THE COURT HEREBY ORDERS that defendants Schwarzenegger and Poulos' motion for
2  judgment on the pleadings (#56), and defendant Felker's motion to dismiss (#58) are GRANTED.
3  DATED this  9  day of October, 2009.

_____
Lloyd D. George
United States District Judge